IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY_____D.C.

05 JUL -1 AM 7:53

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

RENITA MALONE, )
)
)
Plaintiff, )
)
vs. )              No. 04-2810 Ml/P
)
SHELBY COUNTY GOVERNMENT, )
SHELBY COUNTY SHERIFF )
DEPARTMENT, and SHIRLEY MARCUM )
)
Defendants. )

---

## ORDER GRANTING PLAINTIFF'S MOTION FOR
## LEAVE TO FILE AN AMENDED COMPLAINT

---

Before the court is plaintiff Renita Malone's Motion for Leave to File an Amended Complaint, filed on March 28, 2005 (dkt #27). Defendants Shelby County Government, Shelby County Sheriff's Department, and Shirley Marcum filed their response on April 12, 2005. The court held a hearing on the motion on April 26. Counsel for all parties were present and heard. For the reasons below, the motion is GRANTED.

### I.   BACKGROUND

Malone filed this complaint against the defendants on October 12, 2004, alleging race-based discrimination in her employment and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981, and 42 U.S.C. § 1983. The original

1

This document entered on the docket sheet In compliance with Rule 58 and/or 79(a) FRCP on 7-1-05

36

scheduling order in this case set the deadline for amending the pleadings for January 31, 2005.[1] On March 28, 2005, Malone filed this motion "to include newly acquired facts and the applicable law." She seeks to reorganize the original complaint - particularly with respect to her § 1981 - and to add a claim for negligent infliction of emotional distress.

Defendants oppose the motion on two grounds. First, they argue that Malone failed to demonstrate good cause to extend the time to amend the complaint. Second, they claim it would be futile to amend the complaint with respect to the claim under 42 U.S.C. § 1981 and the claim for negligent infliction of emotional distress. At the conclusion of the April 26 hearing, and after considering the entire record including the arguments of counsel, the court found that there was good cause to allow the plaintiff to file this motion after the deadline for amending pleadings. Thus, the only remaining issue for this court to consider is whether the amendments would be futile.

## II.  ANALYSIS

### A.  Standard of Review

Under Federal Rule of Civil Procedure 15(a), a party must obtain leave of court or consent of the other party to amend a complaint after an answer has been served. "[L]eave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

---

[1] The scheduling order has recently been amended to extend certain deadlines.

Nevertheless, a court may deny a motion for leave to amend the complaint if the amendment would be futile. <u>Yuhasz v. Brush Wellman, Inc.</u>, 341 F.3d 559, 569 (6th Cir. 2003)(citing <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." <u>Rose v. Hartford Underwriters Ins. Co.</u>, 203 F.3d 417, 420 (6th Cir. 2000)(citing <u>Thiokol Corp. v. Dep't of Treasury</u>, 987 F.2d 376, 382-83 (6th Cir. 1993)). Federal Rule of Civil Procedure 12(b)(6) provides that a complaint shall be dismissed if it fails to state a claim upon which relief can be granted.

When considering a Rule 12(b)(6) motion to dismiss, a court must treat all of the well-pleaded allegations of the complaint as true, <u>Saylor v. Parker Seal Co.</u>, 975 F.2d 252, 254 (6th Cir. 1992), and must construe all of the allegations in the light most favorable to the plaintiff. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). Any ambiguities in the complaint must be construed in favor of the plaintiff. <u>In re Sofamor Danek Group, Inc.</u>, 123 F.3d 394, 400 (6th Cir. 1997). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984).

**B.   § 1981 Claim**

In her original complaint, the plaintiff makes reference to violations of § 1981 under the broader sections titled "Title VII" and "42 U.S.C. § 1983." With respect to the § 1981 allegations,

she claims that she was treated differently than similarly situated white employees and that defendant Shelby County failed to train and failed to "put in place a policy and procedure that would be fair and that does not have a discriminatory impact against its African-Americans." (Compl. ¶¶ 26-28). Plaintiff further contends that after she complained of unequal terms and conditions of her employment, the defendant subjected her to retaliatory treatment and that the defendants "have retaliated against the Plaintiff by forcing her back to full-duty in contradiction to her doctor and denying her the protection that every employee in the Country is entitled to according to the policy and procedures." (Compl. ¶¶ 23-25).

In the plaintiff's proposed amended complaint, the allegations pertaining to the § 1981 claim are substantially the same. The only apparent difference between the § 1981 claim in the original and proposed amended complaints is that the § 1981 claim now appears in its own separate section, whereas before it was organized under the Title VII and § 1983 sections. Thus, at least with respect to the § 1981 claim, the proposed amended complaint does not "amend" that particular claim. See Thompson v. Life Ins. Co. of North America, No. 5:99CV630-BR(3), 2000 WL 33682692, at *3 (E.D.N.C. Feb. 16, 2000) (unpublished). Although the defendants argue that allowing the amendment would be futile because § 1983 provides the exclusive remedy for violations of the rights contained in § 1981 by state actors, this exact same argument has

-4-

been fully briefed by the parties in the pending partial motion to dismiss.  Id. at *3 ("the court chooses to refrain from applying the futility analysis to parts of the proposed amended complaint that do not constitute amendments.").

## C.   Negligent Infliction of Emotional Distress

Tennessee has adopted a general negligence standard for negligent infliction of emotional distress claims, requiring that the plaintiff show duty, breach, injury, causation in fact, and proximate causation.  Camper v. Minor, 915 S.W.2d 437, 446 (Tenn. 1996).  In addition to these elements, the plaintiff must show that she suffered a serious or severe emotional injury supported by medical or scientific proof.  Id.  This serious or severe emotional injury occurs "where a reasonable person, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case."  Id.  (quoting Rodrigues v. State, 472 P.2d 509, 520 (1970)).

Defendants argue that the plaintiff has not sufficiently alleged in her proposed amended complaint that she suffered the requisite level of injury. The court disagrees. Malone claims that she "suffered physical injury, humiliation, severe emotional pain and distress, insomnia, embarrassment, and mental pain and anguish." See Proposed Amended Complaint ¶ 35.  This allegation meets the pleading requirements of a claim for a serious or severe emotional

injury.[2]  See Sallee v. Barrett, No. 2003-01893, 2004 WL 2159020, at *7 (Tenn. Ct. App. Sept. 24, 2004)(unpublished)(holding that complaint's allegation that Plaintiff "suffered severe and permanent emotional distress and now has post traumatic stress disorder" sufficiently pleaded the serious injury requirement under Tennessee law); see also Hayes v. Illinois Power Co., 225 Ill.App.3d 819, 826 (Ill. App. Ct. 1992)(finding that an allegation in the complaint that "the Plaintiff has sustained serious injury and illness and psychological damage" sufficiently pleaded Illinois's serious injury and illness requirement for emotional distress claims).

### III. CONCLUSION

Accordingly, the court GRANTS the motion for leave to file an amended complaint.  The Clerk of Court is directed to accept as filed the amended complaint attached to Malone's motion.

---

[2]It is unclear from both the original complaint and the amended complaint whether the plaintiff is also alleging intentional infliction of emotional distress.  Neither versions of the complaint include a specific allegation of intentional infliction of emotional distress.  As with the § 1981 claim, the original complaint and amended complaint do not differ substantively on the "claim" for intentional infliction of emotional distress.  Thus, the court need not address the futility argument for this claim, since the amended complaint does not "amend" the claim for intentional infliction of emotional distress.  Moreover, the argument has been fully briefed by the parties in the pending partial motion to dismiss.

IT IS SO ORDERED.

TU M. PHAM
United States Magistrate Judge

June 30, 2005

Date

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 36 in case 2:04-CV-02810 was distributed by fax, mail, or direct printing on July 1, 2005 to the parties listed.

---

Keith R. Thomas
FORD & HARRISON, LLP- Ridge Lake Blvd.
795 Ridge Lake Blvd.
Ste. 300
Memphis, TN 38120

Darrell J. O'Neal
LAW OFFICE OF DARRELL J. O'NEAL
2129 Winchester
Memphis, TN 38116

Louis P. Britt
FORD & HARRISON, LLP- Ridge Lake Blvd.
795 Ridge Lake Blvd.
Ste. 300
Memphis, TN 38120

Honorable Jon McCalla
US DISTRICT COURT