IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 AUG 30 AM 6:54

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

RENITA F. MALONE, )
                  )
    Plaintiff,    )
                  )
v.                )
                  )        No. 04-2810 Ml/P
SHELBY COUNTY GOVERNMENT and )
SHIRLEY MARCUM, individually )
and in her professional      )
capacity as a supervisor with )
the Shelby County Sheriff's   )
Department,                   )
                              )
    Defendants.               )

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' PARTIAL MOTION TO DISMISS**

Before the Court is Defendants' Partial Motion to Dismiss, filed February 8, 2005. Plaintiff responded in opposition on March 1, 2005. Defendants filed a reply on March 18, 2005. For the following reasons, Defendants' motion is GRANTED in part and DENIED in part.

**I. BACKGROUND**

The instant case arises out of Plaintiff Renita Malone's claims that she was discriminated against due to her race and because she complained of discriminatory practices by her employer, the Shelby County Sheriff's Department, a political subdivision of Defendant Shelby County Government ("Shelby County"), and her supervisor, Defendant Shirley Marcum. Plaintiff's First Amended Complaint asserts claims against Defendant Shelby County under

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on  8-30-05

38

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, claims against both Defendants under 42 U.S.C. § 1981, and separate claims against each Defendant under 42 U.S.C. § 1983. Plaintiff's First Amended Complaint also asserts claims against both Defendants for violation of the Tennessee Human Rights Act, Tennessee Code Annotated § 4-21-401, a claim against Defendant Shelby County pursuant to Tennessee Code Annotated § 4-21-301, and a claim against Defendant Marcum for negligent infliction of emotional distress.

Plaintiff, who is African-American, has been an employee at the Shelby County Sheriff's Department since 1983. During the course of her employment, Plaintiff alleges that Defendant Marcum, who is Caucasian, treated Plaintiff differently because of her race and thereby created a hostile work environment. In particular, Plaintiff contends that Defendant Marcum directed Plaintiff to outline and explain her responsibilities to her, denied her the right to receive treatment from an employee assistance program, and refused to assign Plaintiff to light-duty work despite the recommendation of Plaintiff's physician, whereas such actions were not taken with respect to non-African-American employees. Plaintiff also contends that she made complaints to senior officials employed by Defendant, who did not take action to remedy the situation, and that Defendant Marcum retaliated against Plaintiff after she made such complaints.

Defendants filed their partial motion to dismiss on February 8, 2005. Plaintiff subsequently was granted leave to file her First Amended Complaint on July 1, 2005. As noted below, some of Defendants contentions in its partial motion to dismiss were rendered moot by the filing of Plaintiff's First Amended Complaint. However, the Court will address Defendant's contentions with respect to the claims asserted in Plaintiff's First Amended Complaint that mirror those which Defendant moved to dismiss from Plaintiff's original Complaint.

## II. STANDARD OF REVIEW

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, a court must treat all of the well-pleaded allegations of the complaint as true. Saylor v. Parker Seal Co., 975 F.2d 252, 254 (6th Cir. 1992). Furthermore, the court must construe all of the allegations in the light most favorable to the non-moving party. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "A court may dismiss a [claim under Rule 12(b)(6)] only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## III. ANALYSIS

Defendants move to dismiss several claims in Plaintiff's original Complaint. The Court will address Defendants' contentions in turn.

### A. Contentions Mooted by Filing of First Amended Complaint

Several of Defendants' contentions in its partial motion to dismiss were rendered moot by the filing of Plaintiff's First Amended Complaint. In particular, Defendants contended that former Defendant Shelby County Sheriff's Department was not a proper defendant, that Plaintiff's original Complaint failed to state a claim under Title VII against Defendant Marcum,[1] that Plaintiff's claim for intentional infliction of emotional distress against Shelby County Government must be dismissed pursuant to the Tennessee Governmental Tort Liability Act, and that Plaintiff's Complaint failed to state a claim for intentional infliction of emotional distress either against Shelby County or Defendant Marcum. Plaintiff's First Amended Complaint, however, no longer asserts any claims against the Shelby County Sheriff's Department and does not include any of the above-referenced claims.[2]

---

[1] In its partial motion to dismiss, Defendants did not move to dismiss Plaintiff's Title VII claim against Defendant Shelby County.

[2] In her First Amended Complaint, Plaintiff only asserts a claim for infliction of emotional distress against Defendant Marcum. (See Pl.'s First Am. Compl. at 15.) There is some ambiguity regarding whether Plaintiff's claim is for negligent or intentional infliction of emotional distress. The

(continued...)

-4-

Accordingly, Defendants' motion to dismiss those claims is DENIED as moot.

### B. 42 U.S.C. § 1981

In her First Amended Complaint, Plaintiff asserts claims pursuant to § 1981 against both Defendants.³ Defendants move to dismiss Plaintiff's claims under § 1981 because any claim for the violation of rights conferred by § 1981 must allegedly be asserted pursuant to § 1983. Plaintiff contends that she may properly assert her §§ 1981 and 1983 claims independently.

Although Section 1981 confers certain rights, the statute itself does not provide a cause of action for race discrimination.

---

(...continued)
title of Count IX of Plaintiff's First Amended Complaint is "Plaintiff v. Defendant Marcum, Individually Negligent Infliction of Emotional Distress," (See Pl.'s First Am. Compl. at 15.). However, the allegations in that Count of Plaintiff's First Amended Complaint contend that Defendant Marcum's conduct was both negligent and intentional. (See id. ¶¶ 78, 79, 80.) Because Plaintiff has chosen to title Count IX of her First Amended Complaint "Negligent Infliction of Emotional Distress," the Court construes her claim as one for negligent infliction of emotional distress.

> ³ 42 U.S.C. § 1981 provides, in pertinent part:
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a).

See Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 731-32, 735. Rather, § 1983 "provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor." Id. at 735; see also Butts v. County of Volusia, 222 F.3d 891, 894 (11th Cir. 2000); Artis v. Francis Howell North Band Booster Ass'n, 161 F.3d 1178, 1181 (8th Cir. 1998)[4]. Accordingly, a suit for a violation of rights conferred under § 1981 must be brought pursuant to § 1983. The Court construes Plaintiff's First Amended Complaint to assert claims for the violation of rights conferred by § 1981 pursuant to § 1983. Defendants' motion to dismiss Plaintiff's § 1981 claims against each Defendant, to the extent that those claims were asserted separately from § 1983, is therefore GRANTED. Plaintiff's claims for violation of rights guaranteed by § 1981, however, may be properly asserted via § 1983.

### C. 42 U.S.C. § 1983

Defendant Shelby County next contends that Plaintiff's claims against it pursuant to § 1983 should be dismissed because Plaintiff's complaint fails to state a claim under § 1983.[5] In particular, Defendant contends that Plaintiff has failed to

---

[4] There are no reported decisions of the United States Court of Appeals for the Sixth Circuit interpreting the applicability of the Jett decision to cases similar to the instant case. The Court, however, finds the reasoning of the Eleventh and Eighth Circuit Courts of Appeal persuasive and adopts their reasoning.

[5] Defendants do not move to dismiss Plaintiff's § 1983 claim against Defendant Marcum.

-6-

adequately plead that any alleged violation of Plaintiff's rights was attributable to a municipal policy or custom.

A municipality may be held liable under § 1983 if the municipality itself caused a constitutional deprivation. Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 690 (1978). Before a local governmental unit can be held liable for injuries pursuant to § 1983, "a plaintiff must show that his injuries were the result of some 'policy or custom' attributable to the governmental entity." Leach v. Shelby County Sheriff, 891 F.2d 1241, 1245 (6th Cir. 1989) (quoting Monell, 436 U.S. at 690). A municipality is not liable under § 1983 for an injury inflicted solely by its employees or agents, but rather only when the "execution of the government's policy or custom ... inflicts the injury." City of Canton v. Harris, 489 U.S. 378, 385 (1989). Further, the governmental entity is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation of constitutional rights. Kentucky v. Graham, 473 U.S. 159, 166 (1985).

The "first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Monell, 436 U.S. at 690. Moreover, the policy or custom must evidence deliberate indifference on the part of the municipality. Monell, 436 U.S. at 388 ("Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its

-7-

inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983.")

Defendants assert that Plaintiff's Complaint fails to state a claim under § 1983 for deprivation of her rights under the Fourteenth Amendment because she purportedly has failed to plead that any alleged violation was due to a municipal policy or custom. However, Plaintiff's First Amended Complaint asserts that the actions complained of were attributable to a custom, policy or practice of Defendant Shelby County. (See Pl.'s First Am. Compl. ¶¶ 16, 50, 51, 56, 57.) Accordingly, Defendants' motion to dismiss Plaintiff's § 1983 claims pursuant to the Fourteenth Amendment is DENIED.

## III. CONCLUSION

For the foregoing reasons, Defendants' partial motion to dismiss is GRANTED in part and DENIED in part.[6]


SO ORDERED this 29 day of August, 2005.

JON P. McCALLA
UNITED STATES DISTRICT JUDGE

---

[6] This order is without prejudice to Defendants' moving to dismiss any claims asserted in Plaintiff's First Amended Complaint that were not asserted in Plaintiff's original Complaint.

-8-



# Notice of Distribution

This notice confirms a copy of the document docketed as number 38 in case 2:04-CV-02810 was distributed by fax, mail, or direct printing on August 30, 2005 to the parties listed.

---

Keith R. Thomas
FORD & HARRISON, LLP- Ridge Lake Blvd.
795 Ridge Lake Blvd.
Ste. 300
Memphis, TN 38120

Darrell J. O'Neal
LAW OFFICE OF DARRELL J. O'NEAL
2129 Winchester
Memphis, TN 38116

Louis P. Britt
FORD & HARRISON, LLP- Ridge Lake Blvd.
795 Ridge Lake Blvd.
Ste. 300
Memphis, TN 38120

Honorable Jon McCalla
US DISTRICT COURT