IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RENITA MALONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 04-2810 M1/P |
| vs. ) | |
| ) | |
| SHELBY COUNTY GOVERNMENT, ) | Jury Demanded |
| SHELBY COUNTY SHERIFF ) | |
| DEPARTMENT, and SHIRLEY MARCUM, ) | |
| ) | |
| Defendant. ) | |

*Motion Denied For The Reasons set out in Plaintiff's memorandum.*

Jon P. McCalla
U.S. District [Judge]
Dec. 15, 2005
DATE

### DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT

Defendants Shelby County Government and Shirley Marcum, by and through counsel and pursuant to Local Rule 7.2, hereby move the Court for an order enforcing the voluntary oral settlement agreement entered into on October 31, 2005 between the parties. For cause, Defendants state as follows:

Plaintiff filed the present action in October 2004. From August 2005 through October 2005, the parties (through counsel) conducted settlement discussions in an effort to resolve this case to their mutual satisfaction. On October 31, 2005, Plaintiff's counsel informed counsel for Defendants that Plaintiff had agreed to accept Defendants' offer of $10,000 and a transfer of Plaintiff to the Shelby County Human Resources department. Counsel for Defendants then memorialized the parties' agreement in written form and sent the agreement to Plaintiff's counsel for execution by Plaintiff. On November 17, 2005, Plaintiff's counsel informed Defendants that Plaintiff had changed her mind and had refused to sign the agreement and that Plaintiff wanted to continue the case.

Under Sixth Circuit precedent, this Court has the inherent power to enforce the parties' settlement agreement that was reached on October 31, 2005 and memorialized in the proposed settlement agreement. *Kukla v. Nat'l Distillers Prod. Co.*, 483 F.2d 619, 621 (6th Cir. 1973) (citations omitted). The parties agreed upon the essential and material terms of the agreement, which are clear, definite, and enforceable.

In support of their Motion, Defendants rely on a Memorandum of Law, filed contemporaneously herewith, and a copy of the proposed settlement agreement, attached as *Exhibit 1*.

WHEREFORE, based on the foregoing, Defendants respectfully request that the Court issue an order enforcing the settlement agreement reached by the parties.

Respectfully submitted,

FORD & HARRISON LLP
795 Ridge Lake Blvd., Suite 300
Memphis, Tennessee 38120
Phone: (901) 291-1500

By: _____
Louis P. Britt (#5613)
Keith R. Thomas (#18928)

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon Mr. Darrell J. O'Neal, 2129 Winchester Road, Memphis, Tennessee 38116, by U.S. Mail, postage prepaid, this 29th day of November 2005.

_____
Keith R. Thomas

2

## SETTLEMENT AGREEMENT

RENITA MALONE ("Malone"), SHELBY COUNTY (the "County"), and SHIRLEY MARCUM ("Marcum"), hereby enter into this Settlement Agreement, effective as of October 31, 2005 (the "Agreement").

### Premises

WHEREAS, Malone has filed a lawsuit against the County and Marcum in the United States District Court for the Western District of Tennessee, No. 04-2810 M1/P (the "Lawsuit");

WHEREAS, the parties desire to resolve the various claims involved in the Lawsuit and to extinguish any and all claims by Malone against the County and Marcum according to the terms and conditions set forth below.

NOW, THEREFORE, in consideration of the Premises, the mutual covenants and conditions contained herein, and other good and valuable consideration, the adequacy and sufficiency of which is hereby acknowledged, the parties agree as follows:

1. **Release And Waiver By Malone.** In consideration of the obligations of the County, as set forth in Paragraph 2 below, Malone agrees to the following:

    (a) Malone will dismiss the Lawsuit, with prejudice;

    (b) Malone fully releases and forever discharges Marcum, the County, and its officials, directors, employees, agents, and attorneys for any and all liability with respect to any actual or potential claims, causes of action (statutory or common law), or damages (whether realized or not) that Malone, or her legal representatives, heirs, or assigns, has or may have had against the County or Marcum for or by reason of her employment with the County or any other cause, matter, or thing whatsoever (past or present). The foregoing release includes, but is not limited to, those claims that were raised or could have been raised in the Lawsuit and any claim under the Age Discrimination in Employment Act, 29 U.S.C. § 621, et. seq. ("ADEA"), it being the express intent of Malone to enter into this full and final settlement and compromise of any and all claims against the County and Marcum. Malone further agrees that she will not file any charge, complaint, lawsuit, appeal, petition, or the like in any forum (federal, state, local, or otherwise) against Marcum, the County, or its officials, directors, employees, agents, and attorneys as to any such claims, causes of action, or damages referred to in this Paragraph. This Agreement, however, shall not waive any claims by Malone that may arise subsequent to the execution of this Agreement or any claim for workers' compensation benefits that Malone may have against the County. The parties understand and agree that the County does not waive any defenses it may have with respect to any potential claim exempted by this Paragraph.

2. **Obligations Of The County.** In consideration of the release and waiver of Malone as described above, the dismissal of the Lawsuit, and the execution of this Agreement by



Malone, the County agrees to pay a lump-sum in the amount of Ten Thousand Dollars and No Cents ($10,000.00), designated as compensatory damages, to be allocated as follows:

    (a)    Six Thousand Six Hundred and Sixty-Six Dollars and Sixty-Seven Cents ($6,666.67) to be paid by check to Malone after the execution of this Agreement by Malone, of which One Thousand Dollars ($1,000.00) is allocated to the release of Malone's ADEA claims; and

    (b)    Three Thousand Three Hundred and Thirty-Three Dollars and Thirty-Three Cents ($3,333.33) to be paid by check to The Law Office of Darrell J. O'Neal after the execution of this Agreement by Malone.

Malone agrees that the consideration paid in return for her waiver of rights, as stated herein, is in addition to any monies that she would otherwise be entitled to receive from the County and is adequate to support a waiver of those rights. Malone acknowledges that the County, Marcum, and their attorneys were not involved in the above allocation.

3. **Transfer Of Malone.** In further consideration of the release and waiver of Malone as described above, the dismissal of the Lawsuit, and the execution of this Agreement by Malone, the County agrees to transfer Malone from her position in the Shelby County Sheriff's Department Training Academy to a position in the Shelby County Sheriff's Department, Division of Human Resources after the execution of this Agreement by Malone.

4. **No Admission Of Liability.** The parties expressly acknowledge that this Agreement is executed by the parties to compromise disputed claims and that neither this Agreement itself, nor any act done pursuant to its terms, shall be construed as an admission of liability, wrongdoing, or violation of any law or regulation by the County. This Agreement is being entered into by the parties solely to avoid potential litigation and to end all controversies between them.

5. **Release Of ADEA Claims.** Malone understands and acknowledges that she has been given a period of at least twenty-one (21) days in which to consider the terms of this Agreement and that if she executes this Agreement before the expiration of this twenty-one (21) day period, then she hereby waives the balance of such twenty-one (21) day period; and that she has seven (7) days from the date of execution of this Agreement to revoke the release of her rights under the ADEA contained in this Agreement and that if she has not revoked the release of her rights under the ADEA under this Agreement prior to the eighth (8th) day following the date of the execution of this Agreement, then such release will become effective, enforceable, and irrevocable.

6. **Tax Consequences.** Malone expressly agrees that she will assume all tax consequences, if any, resulting from the payment of the consideration recited herein and that the County has made no representation regarding the taxability of such consideration. Malone acknowledges that she will receive a Form 1099 from the County that reflects the consideration

2

paid to her under this Agreement. Malone will indemnify and hold harmless the County from any action resulting from her failure to pay taxes, interest, or penalties owed by her because of the consideration received by her pursuant to this Agreement.

7. **Voluntary Execution.** Malone expressly agrees and represents (a) that she has entered into this Agreement voluntarily, without duress, with the full advice of counsel, (b) that this Agreement and its provisions waiving her rights and claims are written in a manner that she understands, and (c) that she has fully read and understood its terms and conditions. Malone further agrees and represents that, in electing to execute this Agreement and consummate the compromise and settlement reflected herein, she did not rely on any representation, inducement, or compromise by the County or its attorneys, agents, or representatives (other than what is contained in this Agreement), that the only consideration for signing this Agreement are the terms and provisions stated herein, and that she has relied solely upon her own respective judgment with the advice of legal counsel that she has sought.

8. **Fees and Expenses.** Each party shall bear all its own costs, attorneys' fees, and other expenses incurred arising from this dispute.

9. **Binding Effect.** This Agreement shall be binding upon the parties, their legal representatives, successors, assigns, and heirs, as the case may be.

10. **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Tennessee.

11. **Severability.** In case any one or more of the provisions contained in this Agreement are, for any reason, held to be invalid, illegal, or unenforceable in any respect, such revocation, invalidity, illegality, or unenforceability shall not affect any other provisions of this Agreement, and this Agreement shall be construed as if such revoked, invalid, illegal, or unenforceable provisions had never been contained herein.

12. **Attorneys' Fees And Costs.** The parties agree that if any party undertakes an action to enforce any provision of this Agreement, the prevailing party shall recover as costs his/its reasonable attorneys' fees, costs, and expenses incurred in such action.

13. **Entire Agreement.** This Agreement constitutes the final written expression of all terms of this Agreement and is a complete and exclusive statement of those terms that supersedes all prior agreements, negotiations, discussions, drafts, and understandings with respect to the subject matter hereof. No modification of any term or provision of this Agreement, including this Paragraph, will be effective unless it is written, agreed to, and signed by both parties, is voluntarily and freely entered into, and is supported by separate and adequate consideration.

14. **Additional Instruments.** The parties shall execute, or cause to be executed, any such additional instruments as may be necessary for carrying out the transactions contemplated by this Agreement.

INTENDING TO BE LEGALLY BOUND, Malone has executed this Agreement as of the date indicated below.

Renita Malone

Dated: _____

MEMPHIS:157132.1

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 54 in case 2:04-CV-02810 was distributed by fax, mail, or direct printing on December 16, 2005 to the parties listed.

---

Louis P. Britt
FORD & HARRISON, LLP- Ridge Lake Blvd.
795 Ridge Lake Blvd.
Ste. 300
Memphis, TN 38120

Keith R. Thomas
FORD & HARRISON, LLP- Ridge Lake Blvd.
795 Ridge Lake Blvd.
Ste. 300
Memphis, TN 38120

Darrell J. O'Neal
LAW OFFICE OF DARRELL J. O'NEAL
2129 Winchester
Memphis, TN 38116

Honorable Jon McCalla
US DISTRICT COURT